UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
UNITED STATES OF AMERICA,

- against -                                    **MEMORANDUM AND ORDER**

                                               13 CR 220 (RJD)

BEBARS BASLAN, and
KRISTEN HENRY,

                      Defendants.
-------------------------------------------------------- x

DEARIE, District Judge.

      To the Court's great surprise and disappointment, we have received a request to extend the deadline for completion of defendant Kristen Henry's competency evaluation by sixty days. (ECF No. 78). The government opposes the request, correctly noting that it would "result in an adjournment of the current trial date." (ECF No. 79).

      The Court has broad discretion to manage its trial schedule, so long as we do not act arbitrarily in a manner that substantially impairs the defense. See, e.g., United States v. O'Connor, 650 F.3d 839, 854 (2d Cir. 2011); Grotto v. Herbert, 316 F.3d 198, 206 (2d Cir. 2003). And, although the Court cannot apply a "myopic insistence upon expeditiousness[,]" Ungar v. Sarafite, 376 U.S. 575, 589 (1964), we also cannot lose sight of the broader public interest in expeditious proceedings under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. See, e.g., United States v. LoFranco, 818 F.2d 276, 277 (2d Cir. 1987) (explaining that an exclusion for complexity "should reasonably be related to the actual needs of the case, and should not be used either as a calendar control device or as a means of circumventing the requirements of the Speedy Trial Act.")

Mindful of these often competing considerations, the Court has been quite liberal in granting extensions in this matter, including adjournment of a previous trial date that we had considered firmly fixed. (ECF Nos. 51, 57). The complexity of the case, the amount and nature of the discovery, the substitution and scheduling requirements of counsel, the inquiry into a Curcio conflict, and (most recently) the necessity for a competency hearing have all provided good reason to continue the proceedings at various points. We remain mindful of these considerations, but we cannot delay forever. The parties are now admonished: this trial will go forward on July 14, 2014.

The request for a sixty-day extension is excessive. However, the Court grants the request in part: defendant Henry's competency evaluation shall be completed by May 16, 2014.

The Court vacates our previous endorsement of Henry's application to file pre-trial motions thirty days after submission of the report on Henry's competency (ECF No. 76) and instead sets the following schedule: (1) Henry's moving papers are due no later than May 30, 2014; and (2) the government's opposition is due no later than June 9, 2014. No extensions will be granted.

SO ORDERED.

Dated: Brooklyn, New York
May 9, 2014

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

2