UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
UNITED STATES OF AMERICA,

                - against -                            **MEMORANDUM AND ORDER**

                                                      13 CR 220 (RJD)

KRISTEN HENRY,

                  Defendant.
----------------------------------------------------------- x

On May 22, 2014, the Court granted the government's application for a second competency examination of defendant Kristen Henry by the government's designated psychiatric expert, Dr. Mark J. Mills. (Competency Order, ECF No. 87). By letter application dated May 30, 2014, Henry asks the Court to order the government to establish a "firewall" between the government's trial team and a second team, yet to be established, that would litigate the issue of Henry's competency. (Def.'s Letter Appl., ECF No. 88). Dr. Mills has completed his examination and has forwarded a copy of his written report and conclusions to the Court, along with the results of examinations administered to Henry: the Minnesota Multiphasic Personality Inventory, Second Edition, Restructured Form ("MMPI"); the Personality Assessment Inventory ("PAI"); and the Validity Indicator Profile, Verbal Subtest ("VIP"). The government has also received these materials, but has not reviewed them, instead awaiting the Court's resolution of Henry's letter application. (Gov't Letter, June 10, 2014, ECF No. 91). We now deny that application, substantially for the reasons advanced by the government in its opposition. (Gov't Opp'n, ECF No. 90).

Courts that have mandated firewalls in the context of a court-ordered psychological examination have typically done so to comply with the requirement of Federal Rule of Criminal

Procedure 12.2(c)(2) that the "results and reports" of the examination "not be disclosed to any attorney for the government," which these courts interpret as any attorney on the trial team. See, e.g., United States v. Johnson, 362 F. Supp. 2d 1043, 1083 (N.D. Iowa 2005) ("The real concern of the Rule, the court finds from its provisions taken as a whole, is that the results and reports of the defendant's mental examinations not be revealed <u>to prosecuting attorneys</u> prior to the government's own disclosures; it does not follow from this concern that the government cannot have an attorney manage the mental examination process, so long as that attorney is not part of, and can never be part of, the prosecuting team."). But, as the government points out, Rule 12.2(c)(2) only applies "after notice under Rule 12.2(b)(2)" – in other words, when the defendant intends to put on mental health evidence in the penalty phase of a capital case. We are therefore persuaded by the Sixth Circuit's opinion in United States v. Thompson, 462 F. App'x 561, 565 (6th Cir. 2012), and share its conclusion that "Rule 12.2 has no application here." Rather, Henry's "situation is controlled entirely by 18 U.S.C. § 4241," Id., which includes no requirement that the government employ a separate firewalled team to litigate competency. Neither does 18 U.S.C. § 4247. Consequently, we see nothing in the applicable statutes or the Rules of Criminal Procedure compelling us to grant Henry's motion.

Nevertheless, as Henry suggests, the constitutional concerns underlying Rule 12.2(c) also bear on her present application. As Judge Weinstein observed in United States v. Taveras, 233 F.R.D. 318, 319 (E.D.N.Y. 2006):

> Ordering a defendant to undergo examination by a government expert before trial implicates his Fifth Amendment right against self-incrimination and Sixth Amendment right to assistance of counsel. Any information from the examination that is leaked, even inadvertently, to the prosecuting attorneys, might compromise the defense and constitute compelled testimony.
>
> (citations omitted)

Granted, those concerns are more pronounced in the context of Rule 12.2(c), in which the medical examinations and reports necessarily drive directly into the very issues to be litigated at the capital penalty phase. But they are not entirely inapposite when the government's expert examines a defendant to test her competency in an adversary proceeding before the Court. Although the defendant's communications with counsel are tangential to that inquiry, they are not irrelevant, particularly where the Court must ascertain whether defendant is competent to assist with her defense and waive her right to conflict-free counsel.

Accordingly, there is some possibility that Dr. Mills may have elicited trial strategy or privileged communications, which would in turn raise the more difficult question of what relief Henry would be entitled to under Estelle v. Smith, 451 U.S. 454 (1981). Requiring the government to employ a firewall might thus be a prudent means of conserving judicial resources by avoiding future litigation over use and derivative use, just as it is under Rule 12.2(c). See United States v. Sampson, 335 F. Supp. 2d 166, 243 (D. Mass. 2004). However, in the absence of a statutory command, we would not <u>require</u> the government to take that step unless we first had reason to believe that Henry made statements to Dr. Mills that implicate the protections of the Fifth or Sixth Amendments.

We therefore adopted the course suggested by the government (though the government did not concede its necessity): examining Dr. Mills's report, the MMPI, the PAI, and the VIP, to determine whether these materials disclose incriminating statements, trial strategy or privileged communications and to ascertain, as best one can from those materials, whether Henry discussed such matters with Dr. Mills. The documents, at least, disclose no such sensitive information and give no indication of any such discussions. The Court therefore sees no reason at this time to order the government to establish a separate team to litigate Henry's competency. Accordingly,

3

the government's trial team may proceed with its review of Dr. Mills's report and prepare to litigate Henry's competency.

SO ORDERED.

Dated: Brooklyn, New York
      June 16, 2014

/s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge