UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,

                - against -                             **MEMORANDUM AND ORDER**

                                                               13 CR 220 (RJD)

KRISTEN HENRY,

                Defendant.
------------------------------------------------------------ x

DEARIE, District Judge.

      Defendant Kristen Henry was indicted on the following four counts: (1) travel with intent to commit aggravated sexual abuse of a minor less than twelve years of age; (2) conspiracy to sexually exploit a child; (3) attempted sexual exploitation of a child; and (4) attempted coercion and enticement of a minor to engage in illegal sexual activity. Indictment, ECF No. 12. Before this Court is defendant Henry's motion to dismiss count one of the Indictment for lack of federal jurisdiction or, alternatively, to dismiss the count because the charged offense requires an actual sexual act.[1] For the reasons set forth below, defendant Henry's motion is denied in its entirety.

## BACKGROUND

      The Court assumes familiarity with the background of the case and restates only those facts, as alleged, necessary to decide the motion at hand.

      In mid-February 2013, the Federal Bureau of Investigation (the "FBI") received information from a confidential informant ("CI") that defendant Henry and her

---

[1] Defendant Henry's additional motion to suppress her post-arrest statements, based on the alleged violation of her Fifth and Sixth Amendment rights, was previously denied after a suppression hearing held on February 20, 2015, for the reasons cited on the record. ECF No.188. Any remaining issues raised by the defendant will be addressed at the pretrial conference on March 31, 2015.

co-defendant/boyfriend, Bebars Baslan, were in possession of child pornography and were preparing to sexually exploit children. Complaint, ECF No. 1, at 3-4. This information was corroborated by subsequent recorded conversations, made by the CI at the direction of the FBI. Id. at 4. Through some of these conversations, the CI, defendant Baslan, and defendant Henry established plans to babysit a young girl ("Victim 1") and an infant boy ("Victim 2"), so that defendant Baslan could take photos of the children being sexually abused by himself and defendant Henry. Id. at 10. The abuse was planned to take place on March 19, 2013. Id. at 13.

On the planned date, the CI placed a recorded call to defendant Baslan at the direction of the FBI and told him that he would not have time to bring Victim 1 and Victim 2 to defendant Baslan's residence. Id. at 19. Defendant Baslan and the CI then agreed that defendants Baslan and Henry would meet the CI and the children later that evening at a hotel in Jersey City, New Jersey. Id. at 20. Later that evening, law enforcement officers conducting surveillance on the defendants' residence observed the defendants' car leave the area. Id. at 21. At approximately 9:15 p.m. that evening, defendants Baslan and Henry arrived at the hotel and entered the room where they expected to find the CI and the children. Id. Law enforcement officers promptly entered the room and placed defendants Baslan and Henry under arrest. Id.

## ANALYSIS

### A. *Motion to Dismiss Count One of the Indictment*

Defendant Henry makes two arguments for dismissal of count one of the Indictment, travel with intent to commit aggravated sexual abuse of a minor less than twelve years of age. First, Henry argues that the count should be dismissed for lack of federal jurisdiction, because the FBI manufactured jurisdiction when the CI suggested the New Jersey hotel meeting. Second,

2

Henry argues that the count should be dismissed because the charged offense requires an actual sexual act.

### 1. Manufactured Jurisdiction Challenge to the Indictment is Unsupported

*a. Second Circuit Case Law on Manufactured Jurisdiction*

Defendant Henry contends that the FBI manufactured jurisdiction when their CI suggested the New Jersey hotel meeting and that, under United States v. Archer, 486 F.2d 670 (2d Cir. 1973), count one of the Indictment must therefore be dismissed. In Archer, federal agents seeking to catch corrupt judges and prosecutors in Queens County set up an elaborate sting operation and ensured federal jurisdiction by having informants place interstate phone calls to the targets to discuss the scheme and prompting the targets to return their calls at out-of-state numbers. 486 F.2d at 672-674. The Second Circuit held that the interstate phone calls were "insufficient to transform this . . . incident of local corruption into a crime against the United States," because "the federal officers themselves supplied the interstate element," thereby manufacturing federal jurisdiction over the crime. Id. at 682-83.

However, as the Second Circuit stated over two decades later in United States v. Wallace, "[c]ourts that have construed Archer have taken pains to limit its applicability, . . . and to explain that 'manufactured jurisdiction' as an independent doctrine is a dubious concept." 85 F.3d 1063, 1065 (2d Cir. 1996); see also United States v. Mandel, 647 F.3d 710, 719 (7th Cir. 2011) (expressing "skeptic[ism] of the contention that the government 'manufactures' jurisdiction simply because its agent invites the defendant to take some action in or affecting interstate commerce and the defendant accepts that invitation" and construing Archer's holding as one based on entrapment). As the Second Circuit made clear in Wallace:

> the 'manufactured jurisdiction' concept is properly understood *not as an independent defense, but as a subset of three possible defense theories*: (i) the

3

> defendant was entrapped into committing a federal crime, since [s]he was not predisposed to commit the crime in the way necessary for the crime to qualify as a federal offense . . . ; (ii) the defendant's due process rights were violated because the government's actions in inducing the defendant to commit the federal crime were outrageous . . . ; or (iii) an element of the federal statute has not been proved, so federal courts have no jurisdiction over the crime . . . .

86 F.3d at 1065-66 (emphasis added).

The Second Circuit detailed the third Wallace defense theory in United States v. Al Kassar, explaining that the "unproved-element theory of manufactured jurisdiction," originated with Archer and provides that "if the government unilaterally supplies an essential element of a crime, the government has in effect failed to failed to prove that element as to the defendant." 660 F.3d 108, 120 (2d Cir. 2011). The Al Kassar court was careful to note, however, that "[i]n the years since Archer, [the Second Circuit] has limited" its holdings, and that, under the current case law, "even if the government *initiates* an essential element of a crime, jurisdiction is not manufactured if the defendant 'then takes *voluntary actions* that implicate the [government-initiated] element.'" Id. (quoting Wallace, 85 F.3d at 1066) (emphasis added) (finding jurisdiction not manufactured where Drug Enforcement Agency officers initiated an arms transaction with defendants by posing as terrorists and requesting anti-aircraft missiles, because defendants had responded to the request by conspiring amongst themselves to acquire and sell those weapons); see also United States v. LaPorta, 46 F.3d 152, 160 (2d Cir. 1994) (holding jurisdiction not manufactured where defendants burned a car they believed to belong to the informant's daughter but was actually a government vehicle, because the defendants themselves "committed the substantial jurisdictional act" of burning the car); United States v. Lau Tung Lam, 714 F.2d 209, 210-11 (2d Cir. 1983) (finding jurisdiction not manufactured where "undercover federal agent inquire[d] whether a drug dealer, already distributing in [Europe],

[wa]s interested in selling in the United States" and assisted the sale, because the dealer "committed the substantial jurisdictional act of bringing [the] drugs into the United States").

*b. Application*

Defendant Henry's motion does not raise either of the first two Wallace defense theories, entrapment or due process violation for outrageous government behavior. Rather, defendant Henry argues that count one should be dismissed under the third Wallace defense theory because her travel to New Jersey at the direction of the FBI was insufficient to establish federal jurisdiction.

In so arguing, Henry asserts that any and all purported meetings had been planned to take place at her and defendant Baslan's Brooklyn apartment, and it was only at the direction of the FBI that interstate travel came into play. Such a version of events, however, takes great care to gloss over the fact, as alleged, that Henry and defendant Baslan, of their own volition, chose to get in their vehicle, on the evening of March 19, 2013, and drive to Jersey City, New Jersey, allegedly for the sole purpose of undertaking their planned sexual abuse of the victims. Certainly, this "voluntary, affirmative act of the defendant," is more than sufficient to find that "federal jurisdiction has not been improperly 'manufactured' . . . , despite the surface similarity to Archer." Wallace, 85 F.3d at 1066.

2. The Charged Conduct does not Require an Allegation that Henry Engaged in a Sexual Act in Order to State an Offense under 18 U.S.C. § 2241(c).

As discussed above, defendant Henry is charged with violating 18 U.S.C. § 2241(c), which provides:

> Whoever *crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years*, or in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or

5

agency, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or knowingly engages in a sexual act under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), *or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life.* If the defendant has previously been convicted of another Federal offense under this subsection, or of a State offense that would have been an offense under either such provision had the offense occurred in a Federal prison, unless the death penalty is imposed, the defendant shall be sentenced to life in prison.

18 U.S.C. § 2241(c) (emphasis added).

Facing a formidable thirty-year mandatory minimum sentence, defendant Henry joins those defendants before her who have attempted to argue that the allegations against them did not support a charge under Section 2241(c) but rather a lesser charge under 18 U.S.C. § 2423(b), which has no mandatory minimum sentence. Section 2423(b) provides:

A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

As can be easily observed, the provisions of Section 2423(b) are less than those of Section 2241(c) both in severity and in length. Accordingly, desperate defendants who were—fortunately—apprehended before they were able to actualize their ill-intents have attempted to utilize the punctuation of Section 2241(c) to spare themselves from its punishments. Namely, these defendants assert that the harsher sentence of Section 2241(c) is only applicable if an actual sexual act has occurred. See, e.g., United States v. Felton, No. 3:09-CR-00124 (RRB) (DMS), 2011 WL 1362298, at *2-4 (D. Alaska Apr. 11, 2011) (denying exactly the same argument as this case); cf. United States v. Shumaker, 479 Fed. Appx. 878, 885 (11th Cir. 2012) (denying related argument that

convictions under Section 2241(c) require the existence of an actual child victim and therefore may not stem from sting operations).

In defendant Henry's case, she makes the following arguments to support her position that a charge under Section 2241(c) requires an actual sexual act: (1) the rules of statutory interpretation and the legislative history of the statute show that Section 2241(c)'s language on interstate travel is merely a jurisdictional basis for prosecution, not a punishable offense; (2) case law in some circuits requires the commission of a sexual act for conviction under Section 2241(c); and (3) the rule of lenity and the doctrine of constitutional avoidance require that Section 2241(c) be applied to require an actual sexual act. This Court is not persuaded.

> a. *The Language of Section 2241(c) is Clear that Crossing a State Line with the Intent to Engage in a Sexual Act with a Child Less than Twelve is a Punishable Offense under the Statute*

As originally drafted in 1986, Section 2241(c) did not include a clause about crossing state lines with illicit intent. Instead, Section 2241(c) provided:

> Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

18 U.S.C. § 2241 (1986). In 1996, Section 2241(c) was amended to include the interstate travel clause. The amended language follows below, with the added language emphasized:

> Whoever *crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or* in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who has not attained the age of 12 years, *or knowingly engages in a sexual act under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than that person)*, or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both. *If the defendant has previously been convicted of*

7

> *another Federal offense under this subsection, or of a State offense that would have been an offense under either such provision had the offense occurred in a Federal prison, unless the death penalty is imposed, the defendant shall be sentenced to life in prison.*

18 U.S.C. § 2241 (1996) (emphasis added). Finally, in 2006, Section 2241(c) was amended to its current form, to include the thirty-year mandatory minimum sentence.

Observing this progression, defendant Henry argues that Section 2241(c), as initially drafted, had a "subject—jurisdiction—offense—punishment" structure, which required an actual sexual act for conviction. Thus far, the Court is in agreement.[2] However, defendant Henry then argues that, based on the history and structure of the statute, the added clause "crosses a state line with intent to engage in a sexual act with a person who has not attained the age of 12 years" was only intended to increase the scope of federal jurisdiction, not to create a new punishable offense.

In so arguing, Henry mirrors the arguments made by the defendant in Felton. 2011 WL 1362298, at *1-2.[3] However, this Court agrees with Magistrate Judge Deborah Smith that "by simply looking at the plain language of the statute," it is clear that a violation of Section 2241(c) can be committed by crossing a state line with the intent to engage in a sexual act with a child who has not attained the age of twelve. Id. at 2.

Resort to legislative history is not necessary, as the statutory language itself is plain. See Dean v. United States, 556 U.S. 568, 572 (2009) ("We start, as always, with the language of the statute.") (quoting Williams v. Taylor, 529 U.S. 420, 431 (2000)); United States v. DiCristina, 726 F.3d 92, 96 (2d Cir. 2013) ("When interpreting a statute, we 'must begin with the language employed by Congress and the assumption that the

---

[2] However, the Court notes that, as originally drafted, Section 2241(c) also proscribed attempts.

[3] Henry borrows much of the losing Felton brief verbatim.

ordinary meaning of that language accurately expresses the legislative purpose.") (quoting United States v. Kozeny, 541 F.3d 166, 171 (2d Cir. 2008)). Furthermore, this Court is not persuaded that the legislative history supports Henry's argument. See Felton, 2011 WL 1362298 at *4 (rejecting the same legislative history arguments as Henry makes in this case); see also Brief of *Amici Curiae*, U.S. Representatives Lamar Smith, et al., United States v. Farley, No. 08-15882, at 2-3 (11th Cir. 2010) [hereinafter Farley Amici Brief] (stating that "Congress intended to apply the same penalty to the *attempted* aggravated sexual abuse of a minor under the age of twelve as is applied to a completed offense," and that "[a] defendant's interstate travel is more than sufficient to constitute a substantial step towards performance of a sexual act with a minor.") (emphasis in original).

Henry's additional statutory interpretation arguments are also unavailing. First, it does not create an "absurd result" to find that "aggravated sexual abuse," under Section 2241(c) requires no sexual act at all—while the lesser form of the offense, "sexual abuse," under Section 2423(b), requires a sexual act—because the term "aggravated" could easily stem from the fact that Section 2241(c) applies to victims under the age of twelve. See Felton, 2011 WL 1362298, at *4. Second, to the extent that Henry asks this Court to engage in a policy analysis of other serious crimes with lighter sentences, this Court finds that "such sentencing policy concerns should not dictate its ruling in light of the fact that the statutory text is clear" and its result is hardly absurd. Id. (citing United States v. Rich, 603 F.3d 722, 731 (9th Cir. 2010) (stating "abstract policy concerns cannot trump statutory text"); see also Vincent v. The Money Store, 736 F.3d 88, 109 (2d Cir. 2013) ("It is well established that when the statute's language is plain, the sole

9

function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.") (quoting Lamie v. United States Trustee, 540 U.S. 526, 534 (2004)) (internal quotation marks omitted). Third, the fact that a charge under Section 2423(b) may be a lesser included offense of a charge under Section 2241(c), "does not convince this Court that [Section] 2241(c) must therefore require an actual sexual act to justify the higher penalties." Felton, 2011 WL 1362298, at *3 (noting that "[t]he higher penalty for a violation of § 2241(c) is certainly based on the fact that the intended victim . . . must be under twelve"); see also United States v. Batchelder, 442 U.S. 114, 121-124 (1979) (finding the fact that two statutes "provide[] different penalties for essentially the same conduct is no justification for taking liberties with unequivocal statutory language" and "the Government may prosecute[] under either so long as it does not discriminate against any class of defendants").

Therefore, this Court finds, as in Felton, that "the addition of the language 'crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years,' was not meant to be just another jurisdictional basis for . . . prosecuting someone who knowingly engages in a sexual act, but was also meant to create a punishable offense under the statute." Felton, 2011 WL 1362298, at *3.

> b. *Second Circuit Precedent Suggests and Other Circuits Have Clearly Held that a Knowing Sexual Act is not Required for a Charge under Section 2241(c)*

Henry next argues that her interpretation of Section 2241(c) as requiring an actual sexual act is buttressed by case law in other circuits. This assertion, however, is unsupported.

Relying on a case addressing the sentence enhancements under Section 2241(c), for defendants with prior convictions, and outdated model jury instructions, defendant Henry argues

10

that the Ninth Circuit has ruled that a conviction under Section 2241(c) "depend[s] on the commission of a 'sexual act.'" United States v. Etimani, 328 F.3d 493, 503 (9th Cir. 2003). Put simply, she is incorrect, and even if she were correct, such point would be of limited relevance in this Court. For, the Ninth Circuit has found that the "essential conduct elements" of a violation of Section 2241(c) "are (1) crossing a state line, (2) with intent to engage in a sexual act with a child, and (3) engaging in *or attempting to engage in* a sexual act with a child." United States v. Lukashov, 694 F.3d 1107, 1121 (9th Cir. 2012) (emphasis added). Therefore, an actual sexual act is not required for a conviction under Section 2241(c) in the Ninth Circuit. Rather, an attempt will suffice.

In so doing, the Ninth Circuit has sided with the Tenth Circuit and the Third Circuit in finding that there are three main conduct elements in an offense under Section 2241(c), "[1] the crossing of state lines, [2] the intent to engage in the sexual act[,] and [3] the attempt to do so." United States v. Cryar, 232 F.3d 1318, 1322 (10th Cir. 2000); see also United States v. King, 604 F.3d 125, 139 (3d Cir. 2010) ("The offense of interstate transportation to engage in sex with a minor contains three elements: (1) crossing interstate lines; (2) with the intent to engage in a sexual act with a minor; and (3) either performing or attempting to perform the act.").

Meanwhile, the Sixth Circuit and the Eleventh Circuit have simplified the conduct elements to recognize that "[i]t is unlawful under [Section] 2241(c) to [1] cross a State line [2] with the intent to engage in a sexual act with a person under the age of 12." Shumaker, 479 Fed. Appx. at 884, 885 (nothing that "[c]onvictions under [Section] 2241(c) . . . do not require the existence of an actual child victim, and those caught in sting operations are equally culpable as those who are successful in their criminal sexual behavior."); see also United States v. DeCarlo, 434 F.3d 447, 457-458 (6th Cir. 2006) (finding violations of 2441(c) included an

undercover officer posing as a ten-year-old girl because "[t]he critical fact that renders the defendant's conduct criminal is . . . the intent with which the act was done," and while "it is no crime to travel between states, . . . to do so with the evil intent described in [Section] 2241(c) will subject a person to the punishment prescribed by Congress").[4]

The Second Circuit has not expressly held that a sexual act is not required to support a conviction under Section 2241(c), but its findings in United States v. Irving clearly suggest that interstate travel with intent to engage in a sexual act with a child under the age of twelve is sufficient for such a conviction. See United States v. Irving, 432 F.3d 401 (2d Cir. 2005) [hereinafter Irving I], opinion withdrawn and superseded on rehearing in United States v. Irving, 452 F.3d 110 (2d Cir. 2006) [hereinafter Irving II]. In both cases, the Second Circuit addressed the sufficiency of the evidence that the defendant had "travel[ed] to Honduras with intent to engage in a sexual act with a person not yet 12 years of age," in violation of Section 2241(c). Irving I at 407; see also Irving II at 117. In Irving I, the Second Circuit ruled inadmissible the defendant's journal, which discussed his trip and detailed his illegal sexual activities with a twelve year-old boy while in Honduras. Irving I at 410. Without this evidence as to the defendant's purpose in making the trip, the Second Circuit then vacated the defendant's conviction under Section 2241(c). Id. However, in Irving II, the Second Circuit withdrew its earlier opinion and upheld the conviction, noting that "[t]he journal, employment records, bank

---

[4] Though not explicitly stated by those courts, this Court deems the removal of the third conduct element appropriate as a redundant item. For, where a defendant is alleged, as in this case, to have driven across state lines in order to meet a minor under the age of twelve, with the intent to sexually abuse that child, it seems clear to this Court that such an action would constitute an attempt to engage in a sexual act with that child. See Farley Amici Brief at 2-3 (stating that "Congress intended to apply the same penalty to the *attempted* aggravated sexual abuse of a minor under the age of twelve as is applied to a completed offense," and that "[a] defendant's interstate travel is more than sufficient to constitute a substantial step towards performance of a sexual act with a minor.") (emphasis in original).

12

statement, and passport constitute[d] the government's evidence that defendant [1] traveled to Honduras, and that he [2] did so for the purpose of engaging in sexual acts with children." Irving II at 116.[5]

Based on all of the above, this Court finds that there are two main conduct elements in an offense under Section 2241(c): (1) the crossing of a state line (2) with the intent to commit a sexual act with a person under the age of twelve. Therefore, an actual sexual act is not required for a charge under Section 2241(c).

### c. *The Rule of Lenity and the Doctrine of Constitutional Avoidance do not Apply*

Finally, defendant Henry argues that the rule of lenity and the doctrine of constitutional avoidance require that Section 2241(c) be applied to require knowing sexual conduct. This Court disagrees.

i. The Rule of Lenity

The rule of lenity "requires that ambiguities in the statute be resolved in the defendant's favor." United States v. Plaza Health Labs., Inc., 3 F.3d 643, 649 (2d Cir. 1993). "However, this

---

[5] This articulation of the conduct offense required for a violation of Section 2241(c), though not explicitly labelled as such, matches the statement of the elements required made by Judge Cabranes in his dissent from the vacatur of the judgment of conviction under 2241(c) in Irving I. For, in his dissent, Judge Cabranes stated that "[e]ach of [Section 2241(c) and Section 2423(b)] involves two elements that must be proved beyond a reasonable doubt: first, that the defendant went to Honduras, and second, that he did so for the purpose of engaging in sexual acts with children under the relevant age." Irving I at 418 (Cabranes, J, dissenting). Judge Cabranes emphasized that "[b]y the explicit terms of the statutes, the government was not required to prove that defendant engaged in particular sexual acts with children in Honduras, or indeed, in *any* specific acts in Honduras." Id. (emphasis in original). Furthermore, it is important to note that the jury instructions in the district court, which were implicitly adopted by the Second Circuit in Irving II, stated very clearly that the government need only prove two elements: "[f]irst . . . the defendant crossed a state line [and] [s]econd . . . the defendant did so knowingly and with the intent to engage in a sexual act with a person who . . . had not attained the age of 12 years." Transcript of Jury Instructions at 535, United States v. Irving, No. 03-CR-0633 (LAK) (S.D.N.Y.); see also Memorandum of Law in Opposition to Kristen Henry's Omnibus Pretrial Motions, ECF No. 180-3, at Exhibit C (excerpting the transcript of the jury charge).

13

doctrine is one 'of last resort, to be used only after the traditional means of interpreting authoritative texts have failed to dispel any ambiguities.'" Ruiz-Almanzar v. Ridge, 485 F.3d 193, 198 (2d Cir. 2007) (quoting United States v. Hescorp, Heavy Equip. Sales Corp., 801 F.2d 70, 77 (2d Cir. 1986)). "The simple existence of some statutory ambiguity . . . is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree." Dean, 556 U.S. at 577 (quoting Muscarello v. United States, 524 U.S. 125, 138 (1998)). Thus, in order "[t]o invoke the rule, [the court] must conclude that there is a grievous ambiguity or uncertainty in the statute." Id. (quoting Muscarello, 524 U.S. at 138-139).

As stated above, and as stated in Felton, "this Court concludes that the elements of [Section] 2241[(c)] are clear and the statute is not grievously ambiguous," and "[t]herefore, the rule of lenity does not apply." Felton, 2011 WL 1362298, at *6.

### ii. The Doctrine of Constitutional Avoidance

The doctrine of constitutional avoidance provides that "[a] statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score." Almendarez-Torres v. United States, 523 U.S. 224, 237 (1998) (internal quotation marks and citation omitted). Defendant Henry claims that construing Section 2241(c) to support a charge under the allegations against her would risk violating both the Equal Protection Clause (because the same conduct could also be charged under Section 2423(b) and thus subjected to a lesser sentence) and the Eighth Amendment (because a mandatory minimum sentence of thirty years for traveling across state lines with illicit intent would be grossly disproportionate to the crime).

First, as discussed above, the fact that the conduct required for a charge under Section 2241(c) "could also be charged under [Section] 2423(b) and thus subjected to a lesser sentence

14

does not make the application of [Section] 2241(c) to [defendant]'s alleged conduct a violation of equal protection." Felton, 2011 WL 1362298, at *7; see also Batchelder, 442 U.S. at 121-124 (finding the fact that two statutes "provide[] different penalties for essentially the same conduct is no justification for taking liberties with unequivocal statutory language" and "the Government may prosecute[] under either so long as it does not discriminate against any class of defendants"). Additionally, "[a]ll defendants similarly situated to [Henry]—that is, charged with traveling across state lines with the intent to [commit sexual acts] with children under twelve—are subject to prosecution under [Section] 2241[(c)] and to the same penalties under [that section]." Id. Therefore, the government's prosecution of defendant Henry under Section 2241(c) does not present Equal Protection issues.

Second, as detailed further in this Court's order rejecting the Eighth Amendment arguments of Henry's co-defendant, "[e]xamining the gravity of the offense [alleged] alongside the severity of the [mandatory minimum] sentence disposes of [the defendant]'s Eighth Amendment claim." United States v. Baslan, No. 13 CR 220 (RJD), slip op. at 3 (E.D.N.Y. Jan. 29, 2015). For, the facts alleged, "foreclose any inference of gross disproportionality between crime and punishment." Id.; see also Felton, 2011 WL 1362298, at *7 ("This Court cannot conclude that allowing prosecution under [Section] 2241[(c)] for [the defendant]'s alleged conduct constitutes cruel and unusual punishment in violation of the Eight Amendment."). Therefore, the government's prosecution of defendant Henry under Section 2241(c) does not present Eighth Amendment issues.

Accordingly, because this Court finds that its construction of Section 2241(c) does not violate either the Equal Protection Clause or the Eighth Amendment, the doctrine of constitutional avoidance does not apply.

In sum, the charged conduct does not require an allegation that Henry engaged in a sexual act in order to state an offense under 18 U.S.C. § 2241(c).

## CONCLUSION

For the reasons set forth above, defendant Henry's motion is denied in its entirety. Defendant's motion to dismiss count one of the Indictment is denied because: (1) the manufactured jurisdiction challenge to the Indictment is unsupported, and (2) the charged conduct does not require an allegation that Henry engaged in a sexual act in order to state an offense under 18 U.S.C. § 2241(c). Henry's additional motion to suppress her post-arrest statements, based on the alleged violation of her Fifth and Sixth Amendment rights, was previously denied after a suppression hearing held on February 20, 2015, for the reasons cited on the record. ECF No. 188. Any remaining issues raised by the defendant will be addressed at the pretrial conference on March 31, 2015.

SO ORDERED.

Dated: Brooklyn, New York
March 18, 2015

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge